# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

VINCENT SOTOMAYOR,

        Plaintiff,

v.                                                                                              Case No. 5:23-cv-228-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

_____

# **O R D E R**

This cause is before the Court on Plaintiff's Unopposed Petition for Attorney Fees (Doc. No. 28; "Petition"), filed January 23, 2024.[2] In the Petition, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,489.76, plus reimbursement of the filing fee in the amount of $400.00. Petition at 1, 3; see also Affidavit of Plaintiff's Counsel (Doc. No. 28 pp. 5-7; "Affidavit"). Defendant does not oppose the relief requested. See Petition at 6; Affidavit at 2.

---

        [1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

        [2] The pages of the Petition and supporting documentation are unnumbered. Citations are to the pagination assigned by the Court's electronic filing system (CM/ECF).

According to the Petition and supporting documentation, Plaintiff's counsel expended a total of 30.85 hours in the representation of Plaintiff before the Court, all in the year 2023. Petition at 3; Itemization of Services Rendered by Attorney (Doc. No. 28-1). Plaintiff requests an hourly rate of $242.76. Petition at 3. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[3] Further, the number of hours expended is reasonable.

Plaintiff also requests reimbursement of $400.00 in costs expended for the filing of the Complaint (Doc. No. 1). Petition at 1, 3. Defendant does not oppose this request, and the Court finds it to be appropriate. See 28 U.S.C. §§ 1920, 2412(a)(1).

---

[3] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited Feb. 9, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his counsel. See Assignment of EAJA Fees (Doc. No. 28-2). Regarding the assignment, Plaintiff represents the following:

> After [t]he Court issues an order awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a debt to the government. Any payments shall be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff does not owe a federal debt. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt[,] the government may accept . . . Plaintiff's assignment of EAJA form and pay fees directly to Plaintiff's counsel.

Petition at 3-4.

Upon due consideration, it is

**ORDERED**:

1. Plaintiff's Unopposed Petition for Attorney Fees (Doc. No. 28) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $7,489.76 pursuant to 28 U.S.C. § 2412(d), and for costs in the amount of $400.00 pursuant to 28 U.S.C. § 2412(a)(1).

3

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on February 9, 2024.

*[signature: James R. Klindt]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

4